**Angela Tese-Milner, Esq.**
**The Law Firm of Tese & Milner**
**735 Wickham Avenue**
**P.O. Box 35**
**Mattituck, New York 11952**
**212-475-3673**

***Attorneys for the Chapter 7 Trustee,***
***Angela Tese-Milner***

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
In re:

Edward A. Mejia,                                              Case No. 16-11019(MG)
                                                             Chapter 7 Case


              Debtor
_____X


## CHAPTER 7 TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S APPLICATION TO SELL REAL PROPERTY PURSUANT TO 11 U.S.C. SECTION 363 AND PAY SECURED CREDITOR AND PROFESSIONALS

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Angela Tese-Milner, Esq., the Chapter 7 Trustee of the estate of Edward A. Mejia (hereinafter "**Debtor**") submits this limited objection (hereinafter "**Objection**"), pursuant to 11 U.S.C. § 363, *et seq.*, to Debtor's Motion for Sale of Property located at 223 West 252 Street, Bronx, New York (hereinafter "**Property**") pursuant to 11 U.S.C. Section 363 (hereinafter "**Sale Application**") and pay the secured creditor and professional fees associated with closing.

1.  The Trustee objects to the sale on the basis that the sale is not

authorized by 11 U.S.C. Section 363 in the Chapter 7 Case.  11 U.S.C. § 363(b)(1)

provides that "[t]he Trustee, after notice and a hearing may use, sell or lease, other than

in the ordinary course of business, property of the estate."   At the core of the Bankruptcy

Code, a sale of property in a Chapter 7 Case creates an estate for the purpose of providing

an equitable distribution to creditors, by the Chapter 7 Trustee.  The Sale Application

ignores the Bankruptcy Code provisions and philosophy.

   2.   In the instant case, the Trustee determined that the Property has

no equity for the estate given the Debtor's exemption and the amount of the secured

claim.  Accordingly on June 23rd, 2016, the Trustee filed a report of no distribution report

and abandoned the Property on the record of the 341 meeting.  While the Debtor may be

free to sell the Property outside of the Bankruptcy Case, the Trustee does not believe that

the Debtor can utilize the Bankruptcy Court for a private sale of the Property in the

Chapter 7 case.  Here, the Property has no equity for the estate.  See, paragraph 4 *et seq*.

of the Sale Application.  Further, the abandoned property is not property of the estate

subject to administration in the bankruptcy case.

   3.  The sole authorities cited by the Debtor to support his Sale Application are

applicable in a Chapter 11 case.  11 U.S.C. Section 363(f) refers to a sale by a Chapter 11

debtor-in-possession, not a Chapter 7 Debtor.  It appears that the Sale Application

petitions this Court to use its equitable powers under 11 U.S.C. to defeat the express

provisions of Bankruptcy Code Section 363.  Further, the Debtor seeks to pay

professional fees incurred in the sale and closing, when no professionals have been

retained in the Chapter 7 case.  The Trustee cannot administer a property that has no

equity for the estate and its creditors.

4.   The Trustee has given notice of this Objection by mailing a copy of the

Objection, notice of hearing, and proposed order to William K. Harrington, United States

Trustee at the U.S. Department of Justice, Office of U.S. Trustee, U.S. Federal Office

Building, attn. (Attn: Andrea B. Schwartz, Esq.), 201 Varick Street, Room 1006, New

York, N.Y. 10014; email to the Debtor's attorney, Bruce R. Alter at altergold@aol.com.;

and by fax to Aldrich Pite, LLP, 40 Marcus Drive, Suite 200, Melville, N.Y. 11747, Fax

631 454-8169, attorney for Wells Fargo Bank.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court deny the

Debtor's Application to Sell the Property for all of the above reasons and for such further

and additional relief as the Court determines to be just and proper.

Dated:  November 10, 2017
      New York, New York

By: /s/ Angela Tese- Milner, Esq.
   **Angela Tese-Milner, Esq.**
   **Chapter 7 Trustee**