**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re:<br><br>EDWARD MEJIA,<br><br>Debtor. | **FOR PUBLICATION**<br><br>Case No. 16-11019 (MG)<br>Chapter 7 |
|---|---|

**MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S MOTION TO APPROVE DEBTOR'S SALE OF REAL PROPERTY UNDER SECTION 363 AND FOR OTHER RELIEF**

*A P P E A R A N C E S:*

ALTER & BRESCIA, LLP
*Attorneys for Debtor Edward Mejia*
550 Mamaroneck Avenue, Suite 401
Harrison, New York 10528
By:    Bruce R. Alter, Esq.

LAW OFFICES OF LORNA J. LA MOTTE, PLLC
*Attorneys for Creditor Wells Fargo Bank N.A.*
65 Broadway, Suite 839
New York, NY 10006
By:    Lorna J. LaMotte, Esq.

SALVATORE A. GRENCI, PC
*Attorneys for 223 West 252nd Street, LLC.*
425 Windmill Avenue
West Babylon, New York 11704
By:    Salvatore A. Grenci, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

The debtor in this chapter 7 case filed a motion to approve a sale of his home pursuant to section 363 to a buyer who has offered $900,000, the highest and best offer after suitable marketing efforts. The chapter 7 case remains open. The balance due on the mortgage exceeds $770,000. The debtor's schedules claimed and he is entitled to receive a New York State

homeowner's exemption of $165,550.  Three appraisals show that the estate has no interest in the property above the amount of exempt equity.  At the section 341 meeting, the chapter 7 trustee stated on the record that she "abandoned" the property because it has no value to the estate; and she filed a report of no distribution in the case.  But the chapter 7 trustee never abandoned the property in any of the ways permitted by section 554 of the Bankruptcy Code.  The chapter 7 trustee filed an opposition to the section 363 sale motion, arguing that the debtor can't sell the property using section 363, but can sell the property outside of bankruptcy.

These facts present two issues for the Court to decide: Can a chapter 7 debtor sell property under section 363?  Can the debtor sell the property outside of bankruptcy if the chapter 7 trustee has not so far abandoned the property in the manner provided by section 554?  As explained below, the answer to both questions is no.  But, as also explained below, the debtor's path forward to sell the property outside of bankruptcy is also clear.

## I.   BACKGROUND

Pending before the Court is Edward A. Mejia's (the "Debtor") *Motion Seeking Order (i) Authorizing and Approving Contract of Sale of Debtor's Real Property Pursuant to §363 of the Bankruptcy Code and Bankruptcy Rule 6004; (ii) Authorizing and Approving the Payment of Certain Pre-Petition Secured Obligations and Related Closing Costs Including the Earned Broker's Commission and Attorney's Legal Fees at the Closing; and (iii) Granting Purchaser Good Faith Purchaser Status Pursuant to §363(m) of the Bankruptcy Code* (the "Motion," ECF Doc. # 33) filed on October 4, 2017.  Annexed to the Motion are the Exclusive Right to Sell Agreement (the "Brokerage Agreement," ECF Doc. # 33-2 at 1–5) with Morris Park Realty Group (the "Broker"), the contract of sale (the "Proposed Contract of Sale," ECF Doc. # 33-2 at 7–17), Wells Fargo Bank N.A.'s ("Wells Fargo") payoff quote (the "Payoff Quote," ECF Doc.

2

# 33-2 at 18–22), the proposed sale order (the "Proposed Sale Order," ECF Doc. # 33-3), and other exhibits (ECF Doc. # 33-1). On October 18, 2017, Wells Fargo filed its *Non-Opposition Response* to the Motion (ECF Doc. # 37). No opposition to the Motion was filed by the objection deadline. Angela Tese-Milner, Esq., the chapter 7 Trustee of the Debtor's estate (the "Chapter 7 Trustee"), however, filed an untimely objection on November 11, 2017 (the "Objection," ECF Doc. # 41).

Tese-Milner's Objection misstates the law in one very important respect. She incorrectly asserts that she has abandoned the estate's interest in the Property, by stating on the record at the 341 meeting on May 31, 2016, that the Property had no value to the estate (*i.e.,* no equity above the amount of the Debtor's homeowner's exemption), and by filing a report of no distribution on June 23, 2016. Therefore, she contends, the Debtor can sell the Property outside of bankruptcy. (Obj. ¶ 2.) The Property—inconsequential value or not—remains property of the estate until abandoned in one of the three ways permitted by section 554 of the Bankruptcy Code. That has not happened yet.

Following the hearing on November 15, 2017, which Tese-Milner did not attend, the Debtor filed a motion under section 554(c) to compel the Chapter 7 Trustee to abandon the Property so that it can be sold outside of bankruptcy. (ECF Doc. # 45.) With the Court's permission, that motion will be heard on shortened notice on November 27, 2017.

On April 21, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Petition," ECF Doc. # 1). The Debtor is an accountant who resides at 223 W. 252nd Street, Bronx, New York 10471 (the "Property") with his non-debtor wife. (Mot. ¶ 3.) The Debtor co-owns the Property with his non-debtor sister,

3

Maritza Mejia Tirado ("Tirado"), both owning a one-half interest in the Property. (*Id*. ¶¶ 3–4.) Tirado does not reside at the Property.

The Property is encumbered by a mortgage (the "Mortgage," Non-Opp'n Resp., Ex. A, ECF Doc. # 37-1) held by Wells Fargo, as servicer for Deutsche Bank National Trust Company ("Deutsche Bank"), as Trustee for BCAPB LLC Trust 2007-ABI. (Mot. ¶ 5.) Wells Fargo obtained a judgment of foreclosure and sale of the Property, but the sale was stayed by the bankruptcy filing. (Mot. ¶ 5.) Wells Fargo obtained two independent appraisals of the Property, one by Kessin Appraisals, Inc. (ECF Doc. # 33-1 at 14–21), effective December 23, 2016, which valued the Property at $850,000, and the other by Epidamy Appraisal Services (ECF Doc. # 33-1 at 22–28), effective April 13, 2017, which valued the Property at $905,000. An earlier appraisal of the Property by James D. Scagnelli, dated May 23, 2016, valued the Property at $869,000 (ECF Doc. # 33-1 at 9–13). Wells Fargo's payoff statement as of October 27, 2017 shows the outstanding balance due as $772,878.66. (ECF Doc. # 33-2 at 18–22.) The Property is also encumbered by Environmental Control Board Violations of $557.57. (*See* ECB Proof of Claim, ECF Doc. # 33-2 at 23–27.)

Following an unsuccessful effort to modify the mortgage during this case through the Court's Loss-Mitigation Program, the Debtor and Tirado engaged a real estate broker and marketed the Property; several offers were received. The Debtor and Tirado accepted the highest offer and a signed contract to sell the Property for $900,000, from which a 5% broker's commission and other sale expenses must be deducted.[1]  *Before* deducting the broker's

---

[1] In addition to the broker's commission, the Debtor and Tirado must pay the New York State Real Property Transfer Tax, in the amount of $3,600, and the New York City Property Transfer Tax, in the amount of $12,825, and attorneys' fees.

4

commission and other sale expenses, sale proceeds to the sellers would be $126,563.77, one-half of which would be payable to the Debtor.

The Debtor claimed and is entitled to receive a homestead exemption under New York CPLR § 5206 of $165,550. (*See* Debtor's Schedule C, ECF Doc. # 1 at 16.) The Debtor's equity in the Property is far less that the homestead exemption. Obviously, the estate has no interest in the Property.

### A.     The Motion

The Debtor seeks authority to sell the Property under sections 363(b) and (f) free and clear of all liens, claims and encumbrances. The Debtor argues that the sale—the result of extensive marketing activities by the Broker—is supported by sound business judgment: the sale price is the highest and best price and is in the best interest of the estate and its creditors. (Mot. ¶¶ 22, 24, 25.) The Debtor further explains that a free and clear sale should be approved under section 363(f)(3) of the Bankruptcy Code because the sale proceeds will be sufficient to pay all liens secured by the Property. (*Id.* ¶¶ 26–29.)

The Debtor also requests approval to pay the mortgage and ECB Violations, the Broker's commission, State and City transfer taxes, title fees and charges, and legal fees. The Debtor anticipates receiving surplus sale proceeds of approximately $60,000 from his 50% ownership interest in the Property, less than the amount of his homestead exemption. (*Id.* ¶ 35.) The Chapter 7 Trustee's report of no distribution establishes that the estate has no interest in the Property. (*Id.* ¶ 36.) The Debtor also requests that the Court enter an order granting the Purchaser "good faith purchaser" status under section 363(m). (*Id.* ¶¶ 41–44.)

**B.      Wells Fargo's Non-Opposition Response**

On October 18, 2017, Wells Fargo filed its Non-Opposition Response to the Motion. Wells Fargo "request[ed] that this Court grant the Debtor's motion to sell the property conditional upon the full payment of the lien held by Wells Fargo [], subject to a payoff quote . . . together with such other relief as the Court may deem just and proper." (Non-Opp'n Resp.)

**C.      The Chapter 7 Trustee's Objection**

On November 11, 2017, after the deadline to file objections, the Chapter 7 Trustee filed her Limited Objection to the Motion. The Chapter 7 Trustee objects to the sale of the Property under section 363. The Chapter 7 Trustee states that the estate has no interest in the Property given the Debtor's homestead exemption and the amount of the secured claim; and that, accordingly, she filed a report of no distribution and abandoned the Property on the record at the 341 meeting. (Opp. ¶ 2.) The Chapter 7 Trustee contends that while the Debtor may sell the Property *outside* of the bankruptcy case, the Debtor cannot use the Court for a private sale of the Property in a chapter 7 case. (*Id.*) The Chapter 7 Trustee also opposes approval of the payment of the broker's and attorney's fees in the sale since no professionals have been retained in the chapter 7 case. (*Id.* ¶ 3.)

## II.    LEGAL STANDARD

**A.      Section 363 Sales and Abandonment of Property**

Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). In a case filed under chapter 7 of the Bankruptcy Code, "once the petition [is] filed, only the Trustee [has] the authority to use, sell or lease property of the estate pursuant to Bankruptcy Code § 363." *Kirschenbaum v. Nassau County Dist. Atty. (In*

6

*re Vitta)*, 409 B.R. 6, 15–16 (Bankr. E.D.N.Y. 2009); *see also Velez v. Perez Leon (In re Perez Leon)*, 2013 WL 5232331, *5 (Bankr. D.P.R. Sept. 16, 2013) ("The bankruptcy trustee, as representative of the estate, has exclusive authority to use, sell, or lease estate property.") (citing 11 U.S.C. §§ 323(a) and 363(b)(1) and *Kirschenbaum*, 409 B.R. at 15–16); *Reed v. Rabe (In re Grotjoh)*, 376 B.R. 496, 499 (N.D. Texas 2007) ("Only the Trustee, as the representative of the estate, thus had the power to sell property of the estate.") (citing 11 U.S.C. §§ 323(a) and 363(b)(1)). Accordingly, in a chapter 7 case, "a debtor has no power to transfer property of the estate once a petition is filed." *Kirschenbaum*, 409 B.R. at 15 (citing *In re Atravasada Land and Cattle Inc.*, 388 B.R. 255, 269 (Bankr. S.D. Tex. 2008)); *see also Reed*, 376 B.R. at 499; *In re Robison*, 74 B.R. 646, 648 (E.D. Miss. 1987) (reversing bankruptcy judge's order authorizing chapter 7 debtors to sell property of the estate over the objection of the bankruptcy trustee, holding that "chapters 1, 3, and 5 of the Bankruptcy Code do not authorize chapter 7 debtors to sell property of the bankruptcy estate. Likewise, chapter 7 does not authorize chapter 7 debtors to sell property of the bankruptcy estate. The only provision of the Bankruptcy Code authorizing the sale of property of chapter 7 bankruptcy estates empowers the Trustee to sell that property.") (citing 11 U.S.C. § 363(b) and (c)(1)).

**B.      The Debtor May Sell the Property Outside of Bankruptcy If the Property Is Abandoned In One of the Three Ways Provided in Section 554**

1.      <u>Abandonment of Property Under Section 554</u>

While only the Chapter 7 Trustee may sell the Property in a section 363 sale, the Debtor may sell the Property outside of bankruptcy, even while the case remains open, once the Chapter 7 Trustee abandons the Property. The Chapter 7 Trustee's report of no distribution does not give rise to abandonment of the Property. The Property can only be abandoned in the manner provided by section 554. Section 554 provides as follows:

7

>   (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>
>   (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>
>   (c) Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.
>
>   (d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

Subsections (a), (b) and (c) set forth the three ways that property that has been scheduled by a chapter 7 debtor can be abandoned. First, under subsection (a), a chapter 7 trustee may file a notice of hearing to abandon property; second, under subsection (b), a party in interest including the debtor may file a motion seeking an order compelling the trustee to abandon the property; or, third, under subsection (c), unless the court orders otherwise, any property that was scheduled is deemed abandoned at the time of the closing of the case. *See In re DeGroot*, 484 B.R. 311, 319 (B.A.P. 6th Cir. 2012) ("Section 554(c) provides for the second type of abandonment which is often referred to as 'abandonment by operation of law' or 'technical abandonment.' Pursuant to this subsection, property which the debtor schedules and which the trustee has not administered is abandoned to the debtor at the closing of the case '[u]nless the court orders otherwise.' Unlike abandonments under § 554(a) and (b) which require some 'initiative' by the trustee or a party in interest, abandonment under § 554(c) 'occur[s] automatically upon the closing of the bankruptcy case.' Technical abandonment occurs without notice and a hearing." (internal citations omitted)); *In re Balonze*, 336 B.R. 160, 167–69 (Bankr. D. Conn. 2006) ("Case law interprets Section 554(c) as providing for a 'technical abandonment,'

8

a term of art distinguishing the abandonment that is deemed to occur pursuant to Section 554(c) with respect to a scheduled asset of the estate when a case is closed from the abandonment which takes place only after notice to creditors and at least an opportunity for a hearing pursuant to Sections 554(a) and (b) and Rule 6007.  Unlike an abandonment under § 554(a)-(b), which by very definition must be intentional and unequivocal and to which the general rule of irrevocability applies rather strictly, a technical abandonment may occur inadvertently as an automatic consequence of premature case closing.").

When seeking an order under section 554, the trustee or a party in interest must comply with Bankruptcy Rule 6007, which provides as follows:

> Rule 6007.  Abandonment or Disposition of Property.
>
> (a)     Notice of proposed abandonment or disposition; objections; hearing
>
> Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustees, and committees elected pursuant to § 705 or appointed pursuant to § 1102 of the Code.  A party in interest may file and serve an objection within 14 days of the mailing of the notice, or within the time fixed by the court.  If a timely objection is made, the court shall set a hearing on notice to the United States trustee and to other entities as the court may direct.
>
> (b)     Motion by party in interest
>
> A party in interest may file and serve a motion requiring the trustee or debtor in possession to abandon property of the estate.

FED. R. BANKR. P. 6007; *see In re Jandous Elec. Const. Corp.,* 96 B.R. 462, 464 (Bankr. S.D.N.Y. 1989); s*ee also Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 709–710 (9th Cir. 1986) (stating that no abandonment without notice to creditors); *Residential Capital, LLC,* 15 CIV. 3248 (KPF), 2016 WL 796860, at *13 (S.D.N.Y. Feb. 22, 2016) (stating that abandonment is not effective without notice to the creditors).

9

Bankruptcy Rule 6007 provides that a party in interest may file an objection to abandonment within 14 days of the mailing of the notice. Bankruptcy Rule 9006(c) permits the Court to shorten the time for hearing and objection. The Court has shortened time for the Debtor's motion to compel the Chapter 7 Trustee to abandon the Property, scheduling the hearing for November 27, 2017, because the Proposed Contract of Sale has an early closing date, which the buyer has agreed to extend until after the hearing.

Additionally, Local Bankruptcy Rule 6007-1 requires that the notice of proposed abandonment "pursuant to Bankruptcy Rule 6007(a) shall describe the property to be abandoned or disposed of, state concisely the reason for the proposed abandonment or disposition, and, in the case of abandonment, identify the entity to whom the property is proposed to be abandoned." S.D.N.Y. BANKR. R. 6007-1.[2]

### 2. The Effect of Abandonment Is to Vest the Property in the Debtor

"Abandonment under section 554 removes the property in question from the bankruptcy estate and causes the trustee to lose all interest, rights and control with respect to the abandoned property." *In re Grossinger's Associates*, 184 B.R. 429, 432 (Bankr. S.D.N.Y. 1995) (citing *In re Helms*, 1991 WL 284111, *1 (E.D. La Dec. 27, 1991)); *see also In re Maurice & Marie Ozer*, 208 B.R. 630, 633 (Bankr. E.D.N.Y. 1997) ("It is a principle of uniform application that once an asset of the estate has been abandoned by the trustee, it is no longer part of the estate and is effectively beyond the reach and control of the trustee.") (internal quotation marks omitted).

---

[2] Local Bankruptcy Rule 9074-1(c)—Notice of Proposed Action or Order When 'Notice and a Hearing are Required and a Motion is Not Mandatory—applies when a trustee files a notice under section 554(a) since no motion (only a notice) is required. The rule provides that no hearing will be held if a timely objection is not filed. Because section 554(b) requires a motion, Local Bankruptcy Rule 9074-1(b) provides that a hearing is required unless the court orders that the motion will be taken on presentment if no objection is filed.

10

"[T]his removal deprives the bankruptcy court of jurisdiction over that property." *Grossinger's*, 184 B.R. at 432.

The abandoned property reverts to the party with a possessory interest in the property. *See Miller v. Generale Bank Nederland, N.V. (In re Interpictures Inc.*), 217 F.3d 74, 76 (2d Cir. 2000) (explaining that "[t]he rationale for this rule is that once the debtor's property is abandoned in bankruptcy, the property should be treated as though no bankruptcy proceedings had occurred and therefore revert to the party that held a pre-petition interest in it"). "A 'possessory interest' in the context of abandonment is defined as a "right to exert control over' or a 'right to possess' property 'to the exclusion of others.'" *Maspeth Federal Savings and Loan Assoc. (In re 47–48 Douglass Street, LLC)*, 2011 WL 2551294, *2 (Bankr. S.D.N.Y. June 27, 2011) (omitting citations). In a lien theory state such as New York, the mortgagor holds legal title to the mortgaged property for the duration of the loan period, so that the mortgagee does not have a right to possess the property, even in event of default, without consent of the mortgagor. *Id.* Therefore, "the abandoned property reverts to the debtor and stands as if no bankruptcy petition was filed." *In re Sherrel*, 1996 WL 550169, *5 (N.D.N.Y. Sept. 23, 1996) (citing *In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990), *aff'd*, 502 U.S. 410 (1992)).

### III.    ANALYSIS

It is clear from the discussion of the applicable law that the Debtor's Motion to sell the Property under section 363(b) must be denied. Only the Chapter 7 Trustee, as representative of the estate, has standing to use, sell, or lease property of the estate under section 363, to the exclusion of the Debtor, while the Property remains property of the estate. The Debtor properly scheduled the Property in his Schedules and it became property of the estate when the Petition was filed. Until the Property is abandoned under section 554, only the Chapter 7 Trustee has

11

standing to sell the Property subject to Court approval under section 363(b). The Chapter 7 Trustee was certainly correct at the 341 meeting that the Property should be abandoned as being of inconsequential value to the estate, but she never actually took the steps required to effect abandonment. The Chapter 7 Trustee filed a Statement of No Distribution on June 23, 2016, but that does not abandon the estate's interest in the Property.

This case has remained open for a long time preventing automatic abandonment of the Property upon the closing of the case. But the delay is attributable to the Debtor's lengthy but ultimately unsuccessful effort to modify the mortgage loan through the Court's Loss-Mitigation Program, rather than as a result of any dereliction by the Chapter 7 Trustee. After Loss-Mitigation failed, the Debtor and Tirado wisely concluded that the Property should be sold to avoid foreclosure. At that point, the Debtor's counsel could have asked the Chapter 7 Trustee to file the notice of proposed abandonment under section 554(a); or the Debtor's counsel could have filed the motion under section 554(b) to compel the Chapter 7 Trustee to abandon the Property, as has now been done. (ECF Doc. # 45.) Indeed, on November 17, 2017, the Chapter 7 Trustee filed a letter stating that she consents to the Debtor's motion to compel abandonment of the Property (ECF Doc. # 50), as well as filing her own application to abandon the Property pursuant to section 554(a). (ECF Doc. # 49.) The Chapter 7 Trustee would have saved time and expense for everyone if she had simply filed the application to abandon the Property instead of the untimely Objection.

What the Debtor cannot do is sell the Property under section 363(b). Once the Property is abandoned, the Debtor and Tirado can sell the Property outside of bankruptcy, with all expenses of sale paid outside of bankruptcy from the sale proceeds. The Proposed Contract of

Sale will provide sufficient funds to satisfy those obligations and leave some equity for the Debtor and Tirado.

### IV.     CONCLUSION

Therefore, for the reasons explained above, the Debtor's Motion is **DENIED.**

**IT IS SO ORDERED.**

Dated:    November 20, 2017
          New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge